UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANTWON GUEST,                )
                             )
            Plaintiff,       )
                             )
      v.                     )    No. 4:07-CV-2071-CDP
                             )
JOHN DOE, et al.,            )
                             )
            Defendants.      )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Antwon Guest (registration no. 14452) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner

will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $60.17, and an average monthly account balance of $8.53. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $12.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint and supplement**

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants John Doe (sheriff, St. Louis City Sheriff's Department), Jane Doe (sheriff, St. Louis City Sheriff's Department), and Michael Guzy ("St. Louis City Sheriff," St. Louis City Sheriff's Department).

Plaintiff states that he is paralyzed from a spinal cord injury. On November 1, 2007, he had a court appearance, and defendants Jane and John Doe were to accompany him from SLCJC to "the civil courts building." Plaintiff sustained physical injuries when defendants attempted to place him on "the wheelchair lifter." Specifically, plaintiff states, as follows:

> Jane Doe pushed the button to lift me in the air. Once in the air [she] told me to roll backwards, and before I [knew] it she had pushed a button that flipped me on my back, injecting me violently from the wheelchair, causing it to come down on tip of me with tremendous force.

3

Plaintiff states that he was "rushed to the hospital." He claims that defendants Jane and John Doe were inexperienced in operating the wheelchair lifter and that his wheelchair is still broken.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not set forth any facts indicating that defendant Michael Guzy was directly involved in or personally responsible for the violation of his constitutional rights. As such, the complaint is legally frivolous as to defendant Guzy.

To the extent that plaintiff is attempting to assert a claim against the remaining defendants for cruel and unusual punishment and/or deliberate indifference to his serious medical needs,[1] the claim is legally frivolous. Plaintiff's allegations, at best, constitute negligence; however, mere negligence does not rise to the level of a constitutional violation. See Daniels v.

---

[1]It appears that plaintiff is a pretrial detainee at the St. Louis City Justice Center, and thus, his claims would be analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

4

Williams, 474 U.S. 327, 328 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Accordingly, having carefully reviewed plaintiff's allegations, the Court concludes that this action is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $12.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of January, 2008.

_____
**UNITED STATES DISTRICT JUDGE**